IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PARK MILLER LLC, et al.,<br><br>    Defendants. | Case No. 20-cv-06818-CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ARBITRATION** |

Kevin and Laura Hagan have moved to compel Park Miller LLC, John Miller, and Stuart Park to arbitrate the Hagans' claims against them. The Court grants the Hagans' motion as to Park Miller and denies their motion as to Mr. Miller and Mr. Park. The Court also holds that the Hagans will be entitled to reasonable fees and costs related to the arbitration under California Code of Civil Procedure section 1281.97.

## I. BACKGROUND

Park Miller is a registered investment adviser firm based in Walnut Creek, California. Complaint (dkt. 1) ¶ 3. On April 7, 2018, the Hagans and Park Miller entered into a contract containing an "Investment Advisory Agreement," which contains an arbitration clause:

> Subject to the conditions and exceptions noted below, and to the extent not inconsistent with applicable law, in the event of any dispute pertaining to ADVISER's services under this Agreement that cannot be resolved by mediation, both ADVISER and CLIENT agree to submit the dispute to arbitration in accordance with the auspices and rules of [the American Arbitration Association], provided that the AAA accepts jurisdiction. ADVISER and CLIENT understand that such arbitration shall be final and binding, and that by agreeing to arbitration, both ADVISER and CLIENT are waiving their respective rights to seek remedies in court, including the right

> to a jury trial.  CLIENT acknowledges that CLIENT has had a reasonable opportunity to review and consider this arbitration provision prior to the execution of this Agreement.  CLIENT acknowledges and agrees that in the specific event of non-payment of any portion of Adviser Compensation pursuant to paragraph 2 of this Agreement, ADVISER, in addition to the aforementioned arbitration remedy, shall be free to pursue all other legal remedies available to it under law, and shall be entitled to reimbursement of reasonable attorneys' fees and other costs of collection.

Agreement (dkt. 1-4) ¶ 14.  The Agreement also contains a forum selection clause.

> To the extent not inconsistent with applicable law, this Agreement shall be governed by and construed in accordance with the laws of the State of California.  In addition, to the extent not inconsistent with applicable law, the venue (i.e. location) for the resolution of any dispute or controversy between ADVISER and CLIENT shall be the County of Contra Costa, State of California.

Agreement ¶ 21.

Park Miller managed approximately $10 million in assets on behalf of the Hagans and advised the Hagans to loan $4 million to Durham Capital, a New York company that later collapsed such that the Hagans lost their entire investment.  See Complaint ¶ 19, 21, 25.

The Hagans allege that Defendants are liable to them under federal securities law and for breach of contract.  Id. ¶¶ 7, 26.  On December 10, 2019, the Hagans filed a claim against Defendants before the AAA, but (1) Mr. Miller and Mr. Park objected to the arbitration of claims against them as individuals, and (2) Park Miler objected to arbitrating under the AAA consumer rules rather than the AAA commercial rules.  Id. ¶ 10–11.  The Hagans voluntarily dismissed Mr. Miller and Mr. Park from the arbitration.  Opp. at 3; Bowles Dec. (dkt. 11–1) ¶¶ 3–4.  On January 24, 2020, the AAA determined that the case would proceed under AAA consumer rules despite Park Miller's objection.  Complaint ¶ 12; AAA Letter (dkt. 1-8).  But on February 10, 2020, the AAA "notified the parties that it would decline to administer the case" because Park Miller did not pay the AAA's required fee.  Complaint ¶ 13.

On April 13, 2020, the Hagans filed an action in the U.S. District Court for the

District of Hawaii concerning the same subject matter as the complaint before the AAA. Id. ¶ 14. Two weeks later, on April 27, 2020, the Hagans voluntarily dismissed Park Miller from the lawsuit. See Request Jud. Notice Ex. B (dkt. 18-4) at 1–2. Mr. Miller and Mr. Park moved to dismiss and objected to venue because the forum selection clause in the Investment Advisory Agreement required the Hagans to litigate their claims in California. Id. ¶ 15.[1] The Hagans did not oppose Mr. Miller and Mr. Park's motion. Instead, on August 27, 2020, the Hagans voluntarily dismissed their claims against Mr. Miller and Mr. Park. Complaint ¶ 16; Opp. at 4.

On September 30, 2020, the Hagans filed a Complaint requesting that the Court compel Park Miller, Mr. Miller, and Mr. Park to submit to arbitration before the consumer division of the AAA. Complaint ¶ 17. And on October 14, 2020, the Hagans moved to compel arbitration. See Mot. to Compel (dkt. 11).[2]

## II.   LEGAL STANDARD

Under § 2 of the Federal Arbitration Act, a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Such "agreements to arbitrate are enforced according to their terms." Volt Info. Scis., Inc. v. Bd. Of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989).

## III.   DISCUSSION

The Hagans argue that Defendants must submit to arbitration and that the Hagans are entitled to fees associated with any arbitration proceeding under California Code of Civil Procedure section 1281.97. See Memo re Mot. to Compel at 5–12. Defendants argue that the Hagans waived their right to compel arbitration because they voluntarily

---

[1] The clause says that any dispute must be resolved in the County of Contra Costa. Agreement ¶ 21. Neither party invokes the clause with respect to the present motion.
[2] The Hagans' motion incorporates a memorandum in support of their motion to compel arbitration, which was filed with their Complaint on September 30, 2020. See Memo re Mot. to Compel (dkt. 1-2).

3

dismissed Mr. Miller and Mr. Park from the arbitration and filed a federal lawsuit against all Defendants. See Opp. at 5–7. Defendants also argue that if the Court grants the Hagans' motion to compel arbitration, it must require the AAA to follow its commercial rules. See id. at 13–16. Finally, Defendants argue that the Hagans are not entitled to fees under California law. See id. at 16–17.

The Court holds that the Hagans waived their right to compel arbitration as to Mr. Miller and Mr. Park, but not as to Park Miller. The Court also declines to require the AAA to follow its commercial rules and holds that Park Miller shall pay reasonable attorneys' fees and costs related to the arbitration under section 1281.97.

### A. Waiver of the Right to Arbitrate

A party "arguing waiver of arbitration bears a heavy burden of proof." Richards v. Ernst & Young, LLP, 744 F.3d 1072, 1074 (9th Cir. 2013) (citation omitted). Because arbitration agreements are enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2, a party may waive the right to arbitrate only on such grounds as exist for waiving any other contractual right. The Ninth Circuit's arbitration waiver rule appears to derive from the contract principle of "waiver by estoppel," which occurs when a party "was misled to its prejudice by the conduct of the other party into the honest and reasonable belief that the latter was not insisting on, and was therefore giving up, some right." 13 Williston on Contracts § 39:29 (4th ed.).

Consistent with that principle, the Ninth Circuit has held that a party waives its right to arbitrate if the party claiming waiver shows "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." Richards, 744 F.3d at 1074 (quoting Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986)). "There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate," but the inconsistent acts element is satisfied "when a party chooses to delay his right to compel arbitration by actively litigating his case to take advantage of being in federal court." Martin v. Yasuda, 829 F.3d 1118, 1125 (9th Cir.

2016).  And "[a]ltough litigation conduct inconsistent with a right to arbitrate most frequently causes prejudice to the opposing party, the link is not automatic."  Id.  The prejudice element may be satisfied by showing more than "self-inflicted" litigation costs, that is, by showing costs that the party "would not otherwise have incurred" but for the opposing party's delay in "seeking arbitration."  Id. at 1126.

Here, the Hagans waived their right to compel arbitration as to the individual defendants Mr. Miller and Mr. Park.  The Hagans do not dispute the first element, that they had knowledge of an existing right to compel arbitration.  See Reply at 7–9.  And the Hagans plainly acted inconsistently with any such right by voluntarily dismissing Mr. Miller and Mr. Park from arbitration after Mr. Miller and Mr. Park argued that they were not subject to arbitration.  See Bowles Dec. (dkt. 11–1) ¶¶ 3–4.  Mr. Miller and Mr. Park were then prejudiced when the Hagans sued them in Hawaii and did not quickly dismiss them.  Mr. Miller and Mr. Park remained parties to the Hawaii action for four months, and they incurred legal costs related to their motion to dismiss.  Further, because Mr. Miller and Mr. Park were dismissed from the arbitration before Park Miller's refusal to pay AAA fees, costs they incurred litigating in Hawaii were not arguably "self-inflicted" or otherwise attributable to any decision that Mr. Miller or Mr. Park made.  Yasuda, 829 F.3d at 1126.[3]

By Contrast, the Hagans did not waive their right to arbitrate claims against Park Miller.  The Hagans initially sought to arbitrate their claims against Park Miller and did not voluntarily dismiss those claims.  The Hagans sued Park Miller in the District of Hawaii only after Park Miller refused to pay the AAA fees, and voluntarily dismissed that suit just two weeks later.  The Court assumes that the Hagans acted inconsistently with their right to compel arbitration by filing suit in Hawaii when they could have simply moved a court to compel Park Miller to arbitrate.  But Park Miller did not suffer "prejudice" as a result.

---

[3] Because the Hagans waived their right to compel Mr. Miller and Mr. Park to arbitrate, the Court need not determine whether any such right existed.  See Memo re Mot. to Compel at 6–11; Opp. at 8–12.

5

Richards, 744 F.3d at 1074. Unlike Mr. Miller and Mr. Park, Park Miller did not file a motion to dismiss before being voluntarily dismissed from the Hawaii action, and that dismissal occurred after just two weeks. Thus, even leaving aside that Park Miller would have avoided any further litigation in federal court by paying the AAA's required fees, Park Miller did not incur substantial costs as a result of the Hagans' suit. Although Park Miller argues vaguely that it was "forced to seek Hawaii counsel" and was "preparing to defend [itself] against a lawsuit in a foreign jurisdiction," Opp. at 7, Park Miller provides no details suggesting that it suffered meaningful prejudice, financial or otherwise, connected to the Hawaii action.[4] Because Park Miller suffered no prejudice, the Hagans did not waive their right to arbitrate claims against Park Miller.

### B.   AAA Rules

Park Miller's argument that the Court must order the AAA to follow its commercial rules is meritless. The parties' Agreement is silent as to whether AAA commercial or consumer rules apply in arbitration. But the Agreement unequivocally states that AAA rules apply. Agreement ¶ 21. Those rules give the AAA the "initial authority" to decide whether its consumer rules apply. AAA Consumer Rule 1(e). If a party "disagrees with the AAA's decision," the party can submit an "objection," as Park Miller did. Id. But "the arbitrator shall have the authority to make the final decision on which AAA rules will apply." Id.

Thus, it is for the AAA, not the Court, to decide whether the AAA consumer or commercial rules apply. And the AAA has decided to apply its consumer rules. Even if Park Miller is right that the AAA erred in this decision, Park Miller breached its arbitration agreement by refusing to abide by the AAA's decision. Neither the parties' agreement nor any other authority cited by Park Miller empowers the Court to second-guess the AAA's

---

[4] Park Miller also argues that the Hagans have no right to arbitrate claims against Park Miller because the Agreement requires arbitration only if "the AAA accepts jurisdiction," and here the AAA declined to adjudicate the Hagans' claims. Opp. at 7–8. This argument fails. The AAA's decision not to adjudicate claims based on Park Miller's failure to pay the required fees had nothing to do with the AAA's "jurisdiction."

6

decision or otherwise short-circuit the arbitration process. Park Miller must submit to arbitration and abide by the AAA's determinations regarding which AAA rules to apply.

### C. Arbitration Fees under Section 1281.97

As of January 1, 2020, under California Code of Civil Procedure section 1281.97, in any "consumer arbitration" that requires the drafting party to pay fees and costs before the arbitration may proceed, if those fees or costs "are not paid within 30 days after the due date . . . [the] consumer may do either of the following: (1) Withdraw the claim from arbitration and proceed in a court of appropriate jurisdiction [or] (2) Compel arbitration in which the drafting party shall pay reasonable attorneys' fees and costs related to the arbitration." Cal. Civ. Proc. Code § 1281.97.

Here, Park Miller drafted the arbitration agreement and did not pay the required fees once the AAA determined that it would apply its consumer rules. Therefore, the Hagans may compel arbitration in which Park Miller "shall pay reasonable attorneys' fees and costs related to the arbitration." Id.[5]

The Court rejects Park Miller's argument that the Hagans nonetheless waived any fees under section 1281.97 because they filed a claim in the District of Hawaii before moving to compel arbitration. See Opp. at 17. Although the statute required the Hagans to either proceed in court or in arbitration, the statute says nothing about waiving fees and costs, let alone whether a waiver occurs when a consumer proceeds in court, dismisses the claims voluntarily before any responsive filings, and then compels arbitration. Needless to say, the Hagans could not move for fees associated with both the District of Hawaii proceeding and the arbitration. But the Hagans have neither done so nor otherwise prejudiced Park Miller. Therefore, the Court declines to hold that the Hagans waived their right to fees under section 1281.97.

---

[5] Park Miller argues that, despite the AAA's determination that it would apply consumer rules, this was not a consumer arbitration. Park Miller relies on other California statutes that define the terms "consumer" and "consumer contract," but even if those definitions apply here, they do not exclude the Hagans' arbitration. See Cal. Civ. Proc. Code §§ 1280(c), 1799.201(b). Park Miller also relies on the AAA's definition of a "consumer agreement," ignoring the AAA's decision to apply its consumer rules here.

Park Miller also argues that section 1281.97 does not apply because it became effective on January 1, 2020, which was after the Hagans "initiated" arbitration against Park Miller. Opp. at 16. Section 1281.97 "does not apply retroactively." Abernathy v. DoorDash, Inc., 328 F. Supp. 3d 1062, 1066 (N.D. Cal. 2020). But the Hagans do not seek to apply section 1281.97 retroactively. A statute operates retroactively only if it "attaches new legal consequences to events completed before its enactment." Landgraf v. USI Film Products, 511 U.S. 244, 270 (1994). Section 1281.97 attaches new legal consequences to the failure to timely pay arbitration fees. Here, although the Hagans initiated arbitration before section 1281.97 went into effect, it is undisputed that Park Miller's failure to pay the required fees occurred after section 1281.97 went into effect, sometime between January 24, 2020 and February 7, 2020.

Section 1281.97 thus entitles the Hagans to reasonable attorneys' fees and costs relating to the arbitration.

## IV. CONCLUSION

For the foregoing reasons, the Hagans' Motion to Compel Arbitration is granted as to Park Miller and denied as to Mr. Miller and Mr. Park. Park Miller must submit to arbitration under the AAA's consumer rules, consistent with the AAA's determination. The Hagans will be entitled to reasonably attorneys' fees and costs relating to the arbitration. The case is hereby stayed. See 9 U.S.C. § 3.

**IT IS SO ORDERED.**

Dated: December 11, 2020

CHARLES R. BREYER
United States District Judge