GONSER LAW PC
Robert L. Gonser, Esq. (SBN 148435)
3717 Mt. Diablo Blvd. Suite 210
Lafayette, CA 94549
Tel: (925) 310-4408
Email: bob@qonserlawpc.com

GANA WEINSTEIN LLP
Adam J. Weinstein, Esq.
345 Seventh Avenue
21st Floor
New York, NY 10001
Tel: (212) 776-4251
Email: awesintein@ganallp.com

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN and LAURA HAGAN,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>PARK MILLER LLC, STUART PARK, and JOHN MILLER,<br><br>　　　　　Defendants. | Case No.: 3:20-cv-06818-CRB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S DECEMBER 11, 2020 ORDER AND CROSS MOTION FOR ATTORNEYS FEES AND COSTS UNDER CAL. CIV. PROC. CODE § 1281.99**<br><br>DATE:　May 21, 2021<br>TIME:　10:00 a.m.<br>COURTROOM:　6 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ii

I.  INTRODUCTION ................................................................................................................ 1

II. PROCEDURAL HISTORY ................................................................................................ 1

III. STANDARD OF REVIEW.................................................................................................. 2

   A.  Motions for Clarification................................................................................................ 2
   B.  Proving Statutory Ambiguity ........................................................................................ 4

IV. LEGAL ARGUMENT.......................................................................................................... 5

   A.  Park Miller Must Pay Plaintiffs' Attorneys Fees and Costs Related to the AAA Arbitration. 5
   B.  Defendants Citation to Irrelevant Statute Sections Does Not Affect the Order.......... 6

V.  CONCLUSION .................................................................................................................. 10

1

**TABLE OF AUTHORITIES**

2
**Cases**

*AT&T Mobility LLC v. Concepcion,*
  563 U.S. 333, 131 S. Ct. 1740 (2011) ............................................................................................. 7

*Bordallo v. Reyes,*
  763 F.2d 1098 (9th Cir. 1985) ........................................................................................................ 3

*Bynoe v. Baca,*
  966 F.3d 972 (9th Cir. 2020) .......................................................................................................... 3

*Coburn v. Sievert,*
  133 Cal. App. 4th 1483 (2005) ....................................................................................................... 6

*Day v. City of Fontana*
  25 Cal.4th 268 (2001) ..................................................................................................................... 6

*Dekker v. Vivint Solar, Inc.,*
  No. C 19-07918 WHA, 2020 WL 4732194 (N.D. Cal. Aug. 14, 2020) ......................................... 7

*Garcia v. McCutchen,*
  16 Cal.4th 469 (1997) ..................................................................................................................... 6

*Hall v. Haws,*
  861 F.3d 977 (9th Cir. 2017) .......................................................................................................... 4

*Henson v. Fid. Nat'l Fin., Inc.,*
  943 F.3d 434 (9th Cir. 2019) .......................................................................................................... 4

*In re Ray Jasper, Debtor,*
  559 Fed.Appx. 366 (5th Cir. 2014) ................................................................................................ 5

*Jones v. Ryan,*
  733 F.3d 825  (9th Cir. 2013) ......................................................................................................... 4

*Lemoge v. United States,*
  587 F.3d 1188 (9th Cir. 2009) ........................................................................................................ 4

*Liljeberg v. Health Serv. Acquisition Corp.,*
  486 U.S. 847 (1988) ........................................................................................................................ 3

*Mendez v. Republic Bank,*
  725 F.3d 651 (7th Cir. 2013) .......................................................................................................... 5

*Miller v. Transamerican Press, Inc.,*
  709 F.2d 524 (9th Cir. 1983) .......................................................................................................... 3

*Osterneck v. Ernst & Whinney,*
  489 U.S. 169  (1989) ....................................................................................................................... 3

*Phelps v. Alameida,*
  569 F.3d 1120 (9th Cir. 2009) ........................................................................................................ 4

*Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,*
  507 U.S. 380 (1993) ........................................................................................................................ 4

ii
Pls'. Memo. of P&As in Opp. To Clarification

*Pratt v. Vencor, Inc.,*
   105 Cal.App.4th 905 (2003) .................................................................................................. 6

*Inland Concrete Enterprises, Inc. v. Kraft,*
   318 F.R.D. 383 (C.D. Cal. 2016) ........................................................................................... 5

*United States ex rel. Hoggett v. Univ. of Phoenix,*
   863 F.3d 1105 (9th Cir. 2017) ................................................................................................ 2

*White v. N.H. Dep't of Emp't Sec.,*
   455 U.S. 445 (1982) ............................................................................................................... 3

*Wolff v. California,*
   236 F. Supp. 3d 1154 (C.D. Cal. 2017) ................................................................................. 5

**Statutes**

Cal. Civ. Proc. Code § 1281.97 ............................................................................................. 1, 6, 7

Cal. Civ. Proc. Code § 1281.98 ............................................................................................. 6, 8, 9

Cal. Civ. Proc. Code § 1281.99 ................................................................................................ 1, 6

Code Civ. Proc. § 1859 ................................................................................................................ 6

Fed. R. Civ. P. 59 ......................................................................................................................... 3

Fed. R. Civ. P. 60 ......................................................................................................................... 4

Kevin Hagan and Laura Hagan ("Plaintiffs") respectfully submit, by and through their attorneys, Gonser Law PC and Gana Weinstein, LLP, this memorandum of points and authorities in opposition to Park Miller LLC ("Park Miller"), Stuart Park, and John Miller (collectively "Defendants") motion for clarification of the December 11, 2020 order (the "Order") to submit to arbitration before the consumer division of the American Arbitration Association ("AAA") and award Plaintiffs remedies provided under Cal. Civ. Proc. Code § 1281.97 ("§ 1281.97) and cross motion for attorney's fees and costs pursuant to Cal. Civ. Proc. Code § 1281.99 ("§ 1281.99) and allege as follows:

## I.   INTRODUCTION

As shown below, § 1281.97 applies to the dispute at hand and this Court correctly prescribed the unambiguous relief stated in the text of the statute – that Park Miller "shall pay reasonable attorney's fees and costs related to the arbitration."  Cal. Civ. Proc. Code § 1281.97(b)(2); *Kevin Hagan, et al v. Park Miller LLC, et al,* Case No. 20-cv-06818-CRB, [Doc. 22, pg. 8] (N.D. Cal., Dec. 11, 2020).  The statute's language is clear.

Park Miller's motion is essentially an untimely appeal to the wrong court and without proper grounds.  Park Miller should accept the financial consequences of its refusal to timely pay the AAA fees as required by the law.  Further, under § 1281.99 Plaintiffs are entitled to their attorney's fees and costs relating to continuing to have to litigate this matter as a result of Defendants' breach.

## II.   PROCEDURAL HISTORY

Defendants' citation of the procedural history is largely accurate with respect to the dates and nature of filings made with a few exceptions.  For one, Defendants state that the Court denied Plaintiffs' motion to compel arbitration as to Mr. Park and Mr. Miller "confirming Plaintiffs' improper filings."  Defs.Mot. [Doc. 25-1, pg. 4].  However, the Order is clear that there was nothing "improper" about seeking to include Mr. Park and Mr. Miller in the arbitration proceeding.  Indeed,

1

the Court did not even address the underlining merits of the argument because it instead held "that the Hagans waived their right to compel arbitration as to Mr. Miller and Mr. Park…" Order [Doc. 22, pg. 4]; *see Id.* ("Because the Hagans waived their right to compel Mr. Miller and Mr. Park to arbitrate, the Court need not determine whether any such right existed.").

Next, Plaintiffs have not demanded upfront payment for the entire arbitration. Instead, on February 1, 2021 Plaintiffs served their Arbitration Demand before AAA and Statement of Claim on Park Miller asking for the following relief pursuant to this Court's Order:

> 142. Claimants request that the arbitrator enforce the Court's order and require Park Miller to pay Claimants attorney's fees and costs on a monthly basis. Claimants' engagement agreement with counsel provides for a $30,000 up front payment to be offset at a billing rate of $500 per hour.
>
> 143. The Hagans have already remitted to counsel the $30,000 upfront payment.
>
> 144. Claimants will send Park Miller monthly invoices for reimbursement pursuant to the Court's order.
>
> 145. In addition, the arbitrator should order AAA to send all invoices due and payable by Claimants to Park Miller for payment.

III.   **STANDARD OF REVIEW**

   **A. Motions for Clarification**

Plaintiffs seem to confuse the appropriate standard for review in this matter. "[A] post judgment motion will be considered a Rule 59(e) motion [to alter or amend the judgment] where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *United States ex rel. Hoggett v. Univ. of Phoenix,* 863 F.3d 1105, 1108 (9th Cir. 2017) (quoting *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989) (quoting *White v. N.H. Dep't of Emp't Sec.,* 455 U.S. 445, 451 (1982)). "[T]o alter or amend the judgment ... requir[es] a 'substantive change of mind by the court.'" *Id.* (quoting *Bordallo v. Reyes,* 763 F.2d 1098, 1102 (9th Cir. 1985) (quoting *Miller v.*

*Transamerican Press, Inc.,* 709 F.2d 524, 527 (9th Cir. 1983))). "A motion that does not request a substantive change of mind by the court is not an FRCP 59(e) motion to alter or amend the judgment." *Id.* Further, such a motion must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59.

Fed. R. Civ. P. 59(e) is the appropriate standard to judge Plaintiffs' motion. However, Plaintiffs' cannot and do not seek to "alter or amend" the Order because the time to file such a motion has elapsed. Defs.Mot. [Doc. 25-1, pg. 9].

Therefore, Defendants attempt to shoehorn their motion under Fed. R. Civ. P. 60(b)(6), an inapplicable standard. Rule 60(b)(6) relief has three requirements including: (1) "[t]he motion cannot be premised on another ground delineated in the Rule," (*Bynoe v. Baca,* 966 F.3d 972, 979 (9th Cir. 2020) (*citing Liljeberg v. Health Serv. Acquisition Corp.,* 486 U.S. 847, 863 & n.11 (1988)); (2) it must be filed within a reasonable time, (*Id.* (*citing* Fed. R. Civ. P. 60(c)(1)); and (3) the case must demonstrate "extraordinary circumstances" justifying the reopening of judgment. *Id.* (*citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 393 (1993)).

A party who seeks relief under Rule 60(b)(6) must act within a "reasonable time." Fed. R. Civ. P. 60(c)(1). This flexibility preserves the purpose of the rule as a "grand reservoir of equitable power," for "vacat[ing] judgments whenever such action is appropriate to accomplish justice." *Id.* (*quoting Hall v. Haws,* 861 F.3d 977, 987 (9th Cir. 2017) (internal quotation marks omitted).

However, "timeliness of a Rule 60(b) motion is generally measured by reference to the date of the final judgment, order, or proceeding." *Id.* (*citing Lemoge v. United States,* 587 F.3d 1188, 1197 (9th Cir. 2009)). Most cases providing a longer time period for relief involve some intervening change in the law that bears impact on the issues decided. *Id.*; *see also Phelps v. Alameida,* 569 F.3d 1120 (9th Cir. 2009); *Jones v. Ryan,* 733 F.3d 825, 839 (9th Cir. 2013); *Henson v. Fid. Nat'l Fin., Inc.,* 943 F.3d 434, 446 (9th Cir. 2019).

3

Many courts primary concern is "that parties or courts could use Rule 60(b) to circumvent the time limit for filing appeals animates our case law." *Wolff v. California,* 236 F. Supp. 3d 1154, 1162–63 (C.D. Cal. 2017) (citations omitted). "'If parties or courts could use Rule 60(b) to revive cases in which a party failed to appeal within the standard deadline, Appellate Rule 4 would lose much of its force.'" *Id.* (*quoting Inland Concrete Enterprises, Inc. v. Kraft,* 318 F.R.D. 383, 408 (C.D. Cal. 2016) (*quoting Mendez v. Republic Bank,* 725 F.3d 651, 659 (7th Cir. 2013) (*citing In re Ray Jasper, Debtor,* 559 Fed.Appx. 366, 372 (5th Cir. 2014))).

Finally, the "extraordinary circumstances" test anticipates changes in law either through judicial order or the legislature. In *Bynoe,* two of the six factors in the test articulated by the Ninth Circuit to meet the "extraordinary circumstances" requirement relate to the nature of the change in the law. *Bynoe,* 966 F.3d at 983.

Fed. R. Civ. P. 60(b)(6) is inapplicable to this case because there has not been a change in the law that would justify a delay beyond the time to file an appeal. Defendants' motion raises the exact concern of an appeal masquerading as a clarification when the law is clear as written. Further, no extraordinary circumstances are present or even alleged. The claim that an Order that merely quotes the exact relief provided by the legislature under § 1281.97 constitutes "extraordinary circumstances" is without merit.

**B. Proving Statutory Ambiguity**

"Generally, a reviewing court's 'fundamental task in construing a statute is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute." *Coburn v. Sievert,* (2005)133 Cal. App. 4th 1483, 1494, 35 Cal. Rptr. 3d 596, 603; (*quoting Day v. City of Fontana* (2001) 25 Cal.4th 268, 272, 105 Cal.Rptr.2d 457, 19 P.3d 1196; Code Civ. Proc., § 1859.) "The analysis starts by examining the actual words of the statute, giving them their usual, ordinary meaning." *Id.* (*citing Garcia v. McCutchen* (1997) 16 Cal.4th 469, 476, 66 Cal.Rptr.2d 319, 940 P.2d 906.).

"If the statutory language is not ambiguous on its face and no latent ambiguity is identified" then the court "presume[s] the Legislature meant what it said and the plain meaning of the statute governs." *Id.* (*citing Pratt v. Vencor, Inc.* (2003) 105 Cal.App.4th 905, 909, 129 Cal.Rptr.2d 741.) (internal quotations omitted).

As shown below, the statutory scheme and language use is not subject to any other meaning and is clear on the subject at issue.

### IV. LEGAL ARGUMENT

#### A. Park Miller Must Pay Plaintiffs' Attorneys Fees and Costs Related to the AAA Arbitration

Cal. Civ. Proc. Code §§ 1281.97, 1281.98, and 1281.99 were passed to support the "virtues of arbitration include[ing] 'streamlined proceedings and expeditious results.'" *Dekker v. Vivint Solar, Inc.,* No. C 19-07918 WHA, 2020 WL 4732194, at *3 (N.D. Cal. Aug. 14, 2020) (*quoting fed AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 346, 131 S. Ct. 1740, 1749, 179 L. Ed. 2d 742 (2011). "The legislature observed that the prior state of the law was inadequate in upholding these aims; it remained 'unclear' what remedies consumers had in the event a drafting party 'failed to pay for the arbitration in a timely matter.'" *Id.* Cal. Civ. Proc. Code § 1281.97 was meant to "'deter drafting parties from reneging on their obligation to pay' and 'ensur[e] that the party that drafts the arbitration agreement cannot delay adjudication of a dispute by refusing to participate in, or pay for, arbitration.'" *Id.* (*quoting* Assemb. Judiciary Comm. Hr'g on SB 707, 2019-2020 at 1, 5, 8 (Cal. June 18, 2019)).

Each section protects consumers under a factually different scenario, none of which are even remotely in conflict or ambiguous. The relevant section here, § 1281.97, relates to "arbitration initiation" as the very title of the section states. This section provides remedies "if the fees or costs <u>to initiate an arbitration</u> proceeding are not paid within 30 days after the due date, the drafting party

is in material breach of the arbitration agreement…" Cal. Civ. Proc. Code § 1281.97(a) (emphasis added). The relevant remedy in this case requires the Court to "(2) Compel arbitration in which the drafting party shall pay reasonable attorney's fees and costs **_related to the arbitration_**." *Id.* at (b)(2) (emphasis added).

This section applies because Park Miller refused to pay the initial costs of the AAA arbitration when the claim was filed or "initiated" as contemplated by § 1281.97(a). After establishing the breach, the text plainly and clearly states that relief under this section is for costs and attorney's fees "related to the arbitration." The text <u>does not say</u> "related to the material breach" or "related to the costs of bringing the motion to compel arbitration" – as Defendants argue. Defs. Mot. [Doc. 25-1, pgs. 1, 5, and 15]. The language clearly and plainly refers to the actual costs and attorneys' fees related to the arbitration being "compel[led]" in the first part of the sentence. Had the legislature wanted the attorney's fees to relate to the court proceeding to compel arbitration the phrase "related to the arbitration" would not be present. Instead, the language that appears in § 1281.99 and as discussed below would have been used.

Not satisfied with the clear text of the relevant provision, Defendants' hunt in vain for other sections of the Civil Procedure Code to invent some sort of conflict.

**B. Defendants Citation to Irrelevant Statute Sections Does Not Affect the Order**

First, it should be noted that neither §§ 1281.98 or 1281.99 has ever been cited by any party or the Court in this litigation prior to Defendants' motion. Yet now, only after being ordered to pay Plaintiffs' attorneys fees, does Defendants claim that they are indispensable to the Court's understanding of this case.

Cal. Civ. Proc. Code § 1281.98 has no relevance to the present dispute and is inapplicable. The title of the statute is "Fees and costs of arbitration *continuance*…" *Id.* (emphasis added). As the

title implies this section only applies to material breaches in an ongoing arbitration – not the initiation of the arbitration as covered in § 1281.97.  As written if "the drafting party pay certain fees and costs *during the pendency of an arbitration proceeding*, if the fees or costs *required to continue the arbitration proceeding* are not paid within 30 days after the due date, the drafting party is in material breach…" *Id.* at (a) (emphasis added).

Defendants fail to explain the relevance of this section or show this Court that an existing arbitration proceeding existed at the time of the breach of the agreement.  Because Plaintiffs' factual circumstances involved a breach of not paying "fees or costs to initiate an arbitration proceeding…" under § 1281.97, § 1281.98 has no relevance to this case.

Moreover, a quick review of the remedies provided under § 1281.98 show that the remedies all contemplate an existing arbitration action which had been initiated and then stalled due to non-payment – not the facts in our case.  The remedies allow the non-breaching party to: (1) withdraw the claim to court and recover all the attorney's fees, costs, and sanctions related to the abandoned proceeding (*see* (c)(1) and (2) for fees, costs, and sanctions); (2) continue in arbitration and allows the arbitration company or arbitrator themselves to initiate an action to collect the remaining costs against the party; (3) petition the court to require payment of fees; (4) pay the breaching parties fees and recover them in the final arbitration award regardless of the merits of the case; and (5) empowers the arbitrator, if the non-breaching party continues to arbitrate by paying the costs, to sanction the breaching party.  *Id.*

In fact, § 1281.98 supports Plaintiff's interpretation because if the non-breaching party abandons the arbitration and continues in court, the party is entitled to "recover all attorney's fees and all costs associated with the abandoned arbitration proceeding." *Id.* at (c)(1).  Clearly, the legislative scheme contemplated that if a party refused from the outset to pay for arbitration the party would have to pay all arbitration costs.  If the party, initially paid the costs but during the pendency of the

hearing refused to pay ongoing arbitration costs then the breaching party would have to pay all attorney's fees for the abandoned arbitration proceeding. Accordingly, the notion that it was never contemplated that a party would have to pay attorney's fees related to the arbitration itself is nonsense and unsupportable.

Finally, under § 1281.99(a) "The court shall impose a monetary sanction against a drafting party that materially breaches an arbitration agreement pursuant to subdivision (a) of § 1281.97 or subdivision (a) of § 1281.98, by ordering the drafting party to pay the reasonable expenses, including attorney's fees and costs, incurred by the employee or _consumer as a result of the material breach_." (emphasis added).

Cal. Civ. Proc. Code § 1281.99(a) clearly allows a party that incurs additional costs and attorney's fees as a result of the breach, such as having to respond to this motion in a court, to have their attorney's fees paid. Plaintiffs, though clearly entitled to this additional relief, failed to specify § 1281.99(a) relief in their original motion filing and only sought § 1281.97 relief. § 1281.99(a) further supports Plaintiff's position that the statutes are clear and unambiguous because the legislature clearly anticipated that a violation of §§ 1281.97 or 1281.98 would likely result in additional court costs which were not specifically covered within those sections. As discussed *supra*, only attorneys' fees, costs, and other remedies related to the arbitration itself were covered under §§ 1281.97 and 1281.98. Accordingly, § 1281.99(a) provides additional relief for additional fees and costs as a "result of the material breach" of either "subdivision (a) of Section 1281.97 _or_ subdivision (a) of Section 1281.98." (emphasis added).

Generously stated, Defendants' arguments are nonsense. Boiled to its essence, Defendants have the audacity to claim that the California legislature was required to provide identical remedies to disparate and distinct violations. Defendants claim that if California provides different remedies for different situations then it's the Court's job to step in and re-write the language so every

8

circumstance has the same remedy.  Defs. Mot. [Doc. 25-1, pgs. 14] (Admitting "Section 1281.97 deals with the payment of the fees and costs to initiate an arbitration" and "1281.98 deals with those fees and costs necessary to continue the arbitration" but insisting the remedies cannot be "inconsistent with one another.").  Defendants' position leads to absurd results if taken to their logical conclusion such as requiring all crimes to have one remedy, etc.

Fatal to Defendants' position is that it abandons any pre-text of ambiguity in the language of the statute and merely provides an opinion that a party that breaches a contract in the middle of arbitration should have identical remedies as those that breach during the initiation of the arbitration. But this isn't the law and Defendants' opinion is not grounds to clarify the Order by re-writing its language or § 1281.97's remedies.

Plaintiffs are clearly entitled to attorney's fees and costs under § 1281.99 for having to, yet again, expend resources as a result of Park Miller's material breach of its arbitration agreement and continued resistance to payment of the judicial remedies ordered.

## V. CONCLUSION

For the foregoing reasons, this Court should deny Defendants' motion for clarification and award Plaintiffs their requested remedies as provided under § 1281.99 together with any other equitable and just relief.

Dated: April 7, 2021                           Respectfully Submitted,

                                        GONSER LAW PC

                                        By:  /s/ Robert L. Gonser
                                               Robert L. Gonser, Esq. (SBN 148435)
                                               3717 Mt. Diablo Blvd. Suite 210
                                               Lafayette, CA 94549
                                               Tel: (925) 310-4408
                                               Email: bob@qonserlawpc.com

                                                      -and-

                                        GANA WEINSTEIN LLP

                                        By:  /s/ Adam J. Weinstein
                                               Adam J. Weinstein, Esq.
                                               345 Seventh Avenue, 21st Floor
                                               New York, New York 10001
                                               Phone: (212) 776-4252
                                               Email: aweinstein@ganallp.com

                                        *Attorneys for Plaintiffs Kevin Hagan and Laura Hagan*