IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>PARK MILLER LLC, et al.,<br><br>   Defendants. | Case No. 20-cv-06818-CRB<br><br>**ORDER CLARIFYING ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ARBITRATION** |

  On December 11, 2020, the Court granted in part and denied in part Plaintiffs Kevin and Laura Hagan's motion to compel arbitration. See Order re Mot. to Compel Arbitration (dkt. 22) at 1. The Court granted the Hagans' motion as to Defendant Park Miller but denied their motion as to Defendants John Miller and Stuart Park. Id. The Hagans had initially attempted to arbitrate claims against Park Miller, but the AAA declined to administer the arbitration because Park Miller did not pay the AAA's required fee. See id. at 2. Under California Code of Civil Procedure section 1281.97, in any "consumer arbitration" that requires the drafting party to pay fees and costs "before the arbitration can proceed," if those fees or costs "are not paid within 30 days after the due date . . . [the] consumer may . . . [c]ompel arbitration in which the drafting party shall pay reasonable attorneys' fees and costs related to the arbitration." Cal. Civ. Proc. Code § 1281.97. The Court thus held that the Hagans were "entitled to reasonable fees and costs related to the arbitration under California Code of Civil Procedure section 1281.97." Order re Mot. to Compel Arbitration at 1.

  Park Miller now moves the Court to clarify whether Park Miller "is only required to pay the fees and costs incurred by Plaintiffs for having to initiate the arbitration due to

Defendant's failure to pay the review and registry fees required by AAA under the Consumer Rules, or whether Park Miller is required to pay all of the reasonable attorneys' fees and costs for the entire arbitration." Mot. to Clarify (dkt. 25-1) at 1.

Park Miller must pay all of the reasonable attorneys' fees and costs for the entire arbitration. Section 1281.97's language is unambiguous: the party that failed to timely pay fees "is in material breach of the arbitration agreement" and must "pay reasonable attorney's fees and costs related to the arbitration," Cal. Civ. Proc. Code § 1281.97(a), (b)(2), not some lesser or other amount resulting from that party's failure to pay the required arbitration fees.

Park Miller's argument that the statute is ambiguous is unavailing.

Park Miller argues that section 1281.97 is ambiguous because section 1281.99 provides a different remedy for the same failure to pay fees. See Cal. Civ. Proc. Code § 1281.99. But these provisions are not inconsistent. Section 1281.99(a) provides that a court "shall impose a monetary sanction against a drafting party that materially breaches an arbitration agreement pursuant to . . . subdivision (a) of Section 1281.97 . . . by ordering the drafting party to pay the reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as a result of the material breach." Thus, when a drafting party fails to pay fees and costs necessary for the arbitration to proceed, the employee or consumer may be entitled to two remedies: (1) "reasonable attorneys' fees and costs related to the arbitration," and (2) reasonable expenses, including attorney's fees and costs, "incurred . . . as a result" of the drafting party's failure to pay the fees. Even if these remedies may differ and overlap, they are not inconsistent with one another. Thus, section 1281.99 provides no reason to ignore the plain language of section 1281.97.

Section 1281.98 does not change this conclusion. Section 1281.98 provides for various remedies when the drafting party declines to pay fees and costs "during the pendency of an arbitration proceeding," Cal. Civ. Proc. Code § 1281.98(a), rather than fees and costs that must be paid before the arbitration can proceed as an initial matter, see Cal. Civ. Proc. Code § 1281.97. And section 1281.99's additional remedy applies to violations

under section 1281.98(a), just as it does to violations under section 1281.97(a). There is no inconsistency here. Like section 1281.97, section 1281.98 provides a remedy that may overlap with or complement section 1281.99. There is nothing contradictory about the California legislature's choice to treat failures to pay different types of fees differently in some respects—the differing remedies provided in section 1281.97 and 1281.98—and similarly in other respects—the additional remedy provided in section 1281.99.

In sum, the Court declines to ignore section 1281.97's plain language based on other provisions that are consistent with that plain language.

\*

Finally, although the Hagans acknowledge that they did not request relief under section 1281.99 in their motion to compel arbitration, the Hagans now argue that (in addition to the reasonable attorney's fees and costs they are entitled to under section 1281.97) they are entitled to fees and costs under section 1281.99 for having to respond to Park Miller's motion for clarification. Section 1281.99 is triggered by a violation of section 1281.97(a) or section 1281.98(a), and the Hagans did not invoke section 1281.99 in response to Park Miller's violation of section 1281.97(a). Therefore, the Hagans cannot now invoke section 1281.99 in the absence of additional violations by Park Miller.

\*

For the foregoing reasons, the Court clarifies its prior order as follow: Park Miller must pay all of the reasonable attorneys' fees and costs for the entire arbitration under section 1281.97.

**IT IS SO ORDERED.**

Dated: April 29, 2021

_____
CHARLES R. BREYER
United States District Judge