IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PARK MILLER LLC, et al.,<br><br>    Defendants. | Case No. 20-cv-06818-CRB<br><br>**ORDER DENYING MOTION FOR INTERIM ATTORNEYS' FEES** |

Plaintiffs Kevin and Laura Hagan ("the Hagans") brought this action against Park Miller LLC ("Park Miller") in September 2020, seeking to compel Park Miller to arbitrate the Hagans' claims against it. The Court granted that motion as to Park Miller in December 2020 and the parties proceeded with the arbitration. Hagan v. Park Miller LLC, No. 20-CV-06818-CRB, 2020 WL 7319357 (N.D. Cal. Dec. 11, 2020) ("Hagan I"), order clarified, No. 20-CV-06818-CRB, 2021 WL 1688347 (N.D. Cal. Apr. 29, 2021) ("Hagan II"). The Court also held that, pursuant to California Civil Procedure Code § 1281.97, the Hagans were entitled to reasonable attorneys' fees and costs relating to the arbitration. Hagan I, 2020 WL 7319357, at *4. The Hagans now move for interim attorneys' fees based on the Court's prior order. As explained below, finding this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), the Court DENIES the Hagans' motion.

**I.    BACKGROUND**

Park Miller is a registered investment adviser based in Walnut Creek, California. Compl. (dkt. 1) ¶ 3. On April 7, 2018, the Hagans and Park Miller entered into an "Investment Advisory Agreement," which contains an arbitration clause:

> Subject to the conditions and exceptions noted below, and to the extent not inconsistent with applicable law, in the event of any dispute pertaining to ADVISER's services under this Agreement that cannot be resolved by mediation, both ADVISER and CLIENT agree to submit the dispute to arbitration in accordance with the auspices and rules of [the American Arbitration Association], provided that the AAA accepts jurisdiction. ADVISER and CLIENT understand that such arbitration shall be final and binding, and that by agreeing to arbitration, both ADVISER and CLIENT are waiving their respective rights to seek remedies in court, including the right to a jury trial. CLIENT acknowledges that CLIENT has had a reasonable opportunity to review and consider this arbitration provision prior to the execution of this Agreement. CLIENT acknowledges and agrees that in the specific event of non-payment of any portion of Adviser Compensation pursuant to paragraph 2 of this Agreement, ADVISER, in addition to the aforementioned arbitration remedy, shall be free to pursue all other legal remedies available to it under law, and shall be entitled to reimbursement of reasonable attorneys' fees and other costs of collection.

Agreement (dkt. 1-4) ¶ 14. Park Miller managed approximately $10 million in assets on behalf of the Hagans and advised the Hagans to loan $4 million to Durham Capital, a New York company that later collapsed such that the Hagans lost their entire investment. See Compl. ¶¶ 19, 21, 25. The Hagans allege that Park Miller is liable to them under federal securities law and for breach of contract. Id. ¶¶ 7, 26.

On December 10, 2019, the Hagans filed a claim against Park Miller before the AAA, but Park Miller objected to arbitrating under the AAA Consumer Rules rather than the AAA Commercial Rules. Id. ¶¶ 10–11. Because Park Miller did not pay the AAA's required fee, the AAA notified the parties that it would decline to administer the case. Id. ¶ 13.

The Hagans then filed a complaint before this Court and moved to compel arbitration. See Compl. ¶ 17; Mot. to Compel (dkt. 11). In December 2020, the Court granted the motion and concluded that, because Park Miller did not pay arbitration fees as a result of the AAA's initial decision to apply the Consumer Rules, it had violated Cal. Civ. Proc. Code § 1281.97. Hagan I, 2020 WL 7319357, at *4. The Court ordered that "the Hagans will be entitled to reasonable attorneys' fees and costs relating to the

2

arbitration." Id.  In a subsequent order, the Court clarified that Park Miller "must pay all of the reasonable attorneys' fees and costs for the entire arbitration." Hagan II, 2021 WL 1688347, at *2.

The arbitration then proceeded before arbitrator Howard L. Pearlman, who issued an interim order in October 2021 addressing which arbitration rules apply and whether an interim order of attorneys' fees is permitted under Section 1281.97 and the arbitration rules.  Interim Order (dkt. 33-2) at 2.  Pearlman found that (1) the AAA Commercial Rules, rather than the Consumer Rules, applied to the arbitration; (2) Park Miller still must pay the Hagans' reasonable attorneys' fees and costs, as ordered by the Court; and (3) neither the Commercial Rules nor Section 1281.97 authorize interim attorneys' fee awards, and thus the Hagans' reasonable attorneys' fees and costs would be included in the final arbitration award.  See id. at 14.  The Hagans, unsatisfied with this result, move for interim attorneys' fees related to the arbitration.  Mot. (dkt. 33).

## II.   LEGAL STANDARD

Under § 2 of the Federal Arbitration Act, a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Such "agreements to arbitrate are enforced according to their terms." Volt Info. Scis., Inc. v. Bd. Of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989).

## III.  DISCUSSION

The Hagans argue that, because the Court has decided that Cal. Civ. Proc. Code § 1281.97 requires Park Miller to pay the Hagans' attorneys' fees and costs related to the arbitration, the Court also has the authority to decide how and when those fees may be awarded.  See Mot. at 4; Reply (dkt. 42) at 3–5.  This argument overlooks both the procedural nature of this question and the express terms of the parties' arbitration provision, both of which leave this decision to the arbitrator.

In Howsam v. Dean Witter Reynolds, Inc., the Supreme Court held that while

1  certain "gateway" issues raise "'question[s] of arbitrability' for a court to decide," other
2  "'procedural' questions which grow out of the dispute . . . are presumptively <u>not</u> for the
3  judge, but for an arbitrator, to decide." 537 U.S. 79, 84 (2002). In <u>Howsam</u>, these
4  gateway "question[s] of arbitrability" involved disagreements about whether an arbitration
5  clause was binding, or whether it applies to a particular issue; while the "procedural"
6  questions included "issues of procedural arbitrability," including defenses like "time limits,
7  notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have
8  been met." <u>Id.</u>

9      The question of whether and when to award interim attorneys' fees is not a gateway
10 "question of arbitrability" to be presumptively decided by a court. In <u>Tizekker v. Bel-Air
11 Bay Club LTD</u>, No. 22-cv-3989, 2021 WL 124495 (C.D. Cal. Jan. 13, 2021), for example,
12 the plaintiffs requested that the Court "provide clarity and direction to the arbitrator"
13 regarding a discretionary award of attorneys' fees and costs, arguing that it was a
14 "gateway" issue. <u>Id.</u> at *2. The court flatly disagreed, stating that "'gateway' issues
15 concern 'questions of arbitrability, such as whether the parties have a valid arbitration
16 agreement or are bound by a given arbitration clause, and whether an arbitration clause in a
17 concededly binding contract applies to a given controversy,'" and that "the potential for an
18 award of attorneys' fees simply do[es] not fit that bill." <u>Id.</u> at *3 (quoting <u>Momot v.
19 Mastro</u>, 652 F.3d 982, 987 (9th Cir. 2011)). Therefore, this question falls into the category
20 of "procedural" issues, which are "presumptively <u>not</u> for the judge, but for an arbitrator, to
21 decide." <u>Belyea v. GreenSky, Inc.</u>, No. 20-CV-01693-JSC, 2022 WL 14965532, at *3
22 (N.D. Cal. Oct. 26, 2022) (quoting <u>Howsam</u>, 537 U.S. at 84). Thus a court presumes that
23 the arbitrator should decide the issue, unless the parties' agreement indicates otherwise.
24 <u>Howsam</u>, 537 U.S. at 85.

25     The parties' arbitration agreement states that they "agree to submit the dispute to
26 arbitration in accordance with the auspices and rules of [the AAA]." Agreement ¶ 14.
27 This language does not indicate that the parties intended for this issue to be decided by a
28 court rather than the arbitrator—if anything, it indicates the opposite. AAA Commercial

Rule 47 authorizes a grant of "an award of attorneys' fees" if "authorized by law or [the parties'] arbitration agreement." AAA Commercial Rule 47(d)(ii). That same section also describes the arbitrator's power to "make other decisions," including granting "any interim, interlocutory, or partial award." Id. 47(b). By "agree[ing] to submit the dispute to arbitration in accordance with the auspices and rules of [the AAA]," its rules regarding when and how attorneys' fees may be awarded in an arbitration were not excluded.

The Hagans' argument to the contrary—that their motion is pursuant to the Court's order of attorneys' fees under Section 1281.97 rather than the arbitration itself, and the fact that the arbitration is ongoing is "irrelevant"—is unconvincing. See Reply at 4. Both the language of the Court's order and the text of the statute envision that an arbitration would take place and that Park Miller shall pay the reasonable fees and costs incurred. Cal. Civ. Proc. Code § 1281.97 ("[C]onsumer may . . . [c]ompel arbitration in which the drafting party shall pay reasonable attorneys' fees and costs related to the arbitration." (emphasis added)); Hagan II, 2021 WL 1688347, at *2 ("Park Miller must pay all of the reasonable attorneys' fees and costs for the entire arbitration under section 1281.97." (emphasis added)). As the arbitrator in this action noted, the text of the statute further envisions that the fees and costs would be paid in the arbitration proceeding. See Interim Order at 13 ("By so providing for the payment of attorneys' fees and costs under § 1281.97 in the arbitration, it is reasonable to conclude that the legislature intended the arbitrator to render the fee award."). Reading the Hagans' motion as they do—that it is only "interim" with respect to the underlying arbitration and not "interim" with respect to the Court's prior order regarding Section 1281.97—would allow parties to move for attorneys' fees related to an arbitration without regard to the stage of the arbitration or the opinion of the arbitrator. Indeed, it would allow parties to move for attorneys' fees under Section 1281.97 without regard to whether the arbitration has even begun. Cf. Belyea, 2022 WL 14965532, *3 (outlining the possibility, under Section 1281.97, that "if a defendant refuses to pay the arbitrator's fees, no arbitration will ever take place").

Thus, the Court holds that whether interim attorneys' fees shall be awarded during

5

the arbitration is a question for the arbitrator, not the Court. In fact, the arbitrator has already decided these issues. See Interim Order at 12–14. "Neither the parties' agreement nor any other authority cited by [the Hagans] empowers the Court to second-guess the [arbitrator's] decision or otherwise short-circuit the arbitration process." Hagan I, 2020 WL 7319357, at *4. The Court thus takes no position on the parties' arguments concerning whether Section 1281.97 allows for an interim award of attorneys' fees or whether such an award is prudent at this time.[1]

## IV. CONCLUSION

For the foregoing reasons, the Hagans' motion for interim attorneys' fees is DENIED.

**IT IS SO ORDERED.**

Dated: December 13, 2022



CHARLES R. BREYER
United States District Judge

---

[1] In addition, the Court declines Park Miller's invitation to relitigate the Court's prior orders on the applicability of Section 1281.97 following the arbitrator's decision to apply the AAA Commercial Rules, rather than the Consumer Rules, as the AAA initially decided. See Interim Order at 6–10; Opp'n at 8–9. The Hagans are entitled to attorneys' fees related to the entire arbitration as a result of Park Miller's material breach of the arbitration agreement, pursuant to the Court's prior orders on the subject. Hagan II, 2021 WL 1688347, at *2. This order holds only that the question of when these reasonable fees and costs are to be paid is to be decided by the arbitrator in this action.

6